IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PROUT, | : | Civil No. 3:12-CV-1901 |
| | : | |
| Petitioner, | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| TREVOR WINGARD, | : | |
| | : | |
| Respondent. | : | |

_____

| | | |
|---|---|---|
| JOSEPH PROUT, | : | Civil No. 3:12-CV-2471 |
| | : | |
| Petitioner, | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| TREVOR WINGARD, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

The petitioner, Joseph Prout is a state prisoner who has filed two petitions for a writ of habeas corpus, both of which challenge Prout's May 2012 state conviction for offenses arising out of the petitioner's alleged forgery of a prescription for pain killing controlled substances. The two federal habeas corpus petitions filed by Prout share two common characteristics: Both petitions are largely incomprehensible, and both petitions are wholly unexhausted.

Prout's habeas corpus petitions are largely incomprehensible because the petitions seem to rest on Prout's own eccentric, idiosyncratic views regarding the law, views which attempt to stitch together diverse and unconnected legal themes into a single whole. Thus, Prout's petitions attempt to draw upon self-described principles of admiralty law, "maxims" of commercial law, and bankruptcy jurisprudence to endeavor to set aside a state criminal conviction. Prout's petitions also assert that the Pennsylvania crimes code is somehow unconstitutional because it violates "the Constitution of 1776," a document which does not exist, and argues that his state prosecution without indictment also violated his constitutional rights.

Prout's petitions are plainly unexhausted because Prout acknowledges in his petitions that he is currently appealing his May 2012 state conviction. Therefore, Prout's petitions disclose that these claims have not been fully addressed by the state courts either on direct appeal or in any collateral proceedings under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. Prout's petitions, therefore, present us with the very paradigm of unexhausted federal habeas corpus petitions, petitions whose claims have not been properly presented and preserved in the state courts.

Since the petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we

submit that these two petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is

a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that

a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

Here, on the face of Prout's two habeas corpus petitions it is evident that the petitioner has not met §2254's exhaustion requirement. Moreover, Prout has provided no comprehensible justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Prout's failure to exhaust these state remedies should not be excused, and his petitions for writ of habeas corpus should be dismissed.

Beyond this failure to exhaust existing state remedies, we note another fatal flaw in these two petitions. An assessment of the unexhausted claims advanced by

Prout in his federal habeas petitions strongly suggests that one of the principal claims made in these petitions is legally meritless. In these petitions Prout attacks his state conviction, arguing that the state courts lacked subject matter jurisdiction because the charges against Prout were not brought by indictment following presentation of the evidence to a grand jury.

The difficulty with this unexhausted claim, which lies at the heart of Prout's habeas corpus petitions is that the premise underlying this argument–an assertion that states are constitutionally mandated to present cases to grand juries–has been flatly rejected by the courts. Thus, it is clear beyond any serious legal dispute that the Fifth Amendment's requirement of indictment by grand jury does not apply to the states, which are free to charge defendants without the necessity of grand jury presentment. See, e.g., Alexander v. Louisiana, 405 U.S. 625, 633 (1972); Hartman v. Lee, 283 F.3d 190, 195 (4th. Cir. 2002); Clanton v. Cooper, 129 F.3d 1147, 1155 (10th. Cir. 1997). Thus, this legal claim clearly lacks merit.

Further we are compelled to note that Prout's petitions also seem to rest on a factual error of historic proportions, since Prout alleges that the Pennsylvania crimes code violates "the Constitution of 1776." We are constrained to observe for Prout that no such constitution exists. Rather, while the Declaration of Independence was signed in 1776, the United States Constitution itself was not drafted until 1787, and was not

ratified by all of the original United States until May 1790, some fourteen years later.

In sum, since Prout's principal legal claims in these two petitions are factually inaccurate, completely unexhausted and legally without merit, these two petitions should be dismissed.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of the two Petitions for Writ of Habeas Corpus filed by Prout pursuant to 28 U.S.C. § 2254, IT IS RECOMMENDED that the Petitions be DISMISSED, without prejudice, and that a certificate of appealability should not issue. The petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of January 2013.

                                 ***S/Martin C. Carlson***
                                 Martin C. Carlson
                                 United States Magistrate Judge